**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

_____X

PETROFF AMSHEN, LLP

Against

CAMBRIDGE CLARENDON FINANICAL

SERVICES, LLC, et al

_____X

CIVIL ACTION:

19-cv-01861(MKB)(RML)

ANSWER, AFFIRMATIVE DEFENSES,

CROSS CLAIMS AGAINST CO-DEFENDANTS,

AND THIRD-PARTY COMPLAINT

Defendant **Cambridge Clarendon Financial Services, LLC** a New Jersey Limited Liability Company hereinafter ("CCF"), by the undersigned attorney, responds to the Plaintiffs Complaint as follows

### ALLEDGED NATURE OF THE ACTION

Paragraph's 1 through 17 to the extent are called for an answer by this Defendant are Denied; and Plaintiff is left to its proofs; other than to admit this Defendant is in the business of check cashing and is located in New Jersey; and at all relevant times, it exercised its due diligence, for costs and fees in the ordinary course of business in processing checks. In addition, this Defendant has no knowledge to any allegation made by Plaintiff as to the nature of the action which have no baring on this Defendant and Plaintiff is left to its proofs.

### THE PARTIES

Paragraphs 18 through 19 are unknown to this Defendant and Plaintiff is left to its proofs.

Paragraph 20 is admitted.

Paragraph 21 is admitted to the Bank having branches in NJ unknown as to the Headquarters being in NY and Plaintiff is left to its proofs.

Paragraphs 22 through 106 are unknown to this Defendant and Plaintiff is left to its proofs.

### JURISDICTION AND VENUE

Paragraphs 107 through 111 are Denied.

## ALLEDGED STATEMENT OF FACTS

Paragraphs 112 through 131 To the extent an answer is called for from this Defendant the allegation is Denied, and Plaintiff is left to it its proofs.

## AS FOR THE ALLEDGED CAUSES OF ACTION ONE (1) THROUGH ONE HUNDRED SIXTY-THREE (163)

Paragraphs 132 through 1,452

To the extent any cause of action or allegation calls for an answer from this Defendant it is specifically Denied, and the Plaintiff is left to its proofs.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CCF requests a trial by jury of all issues as of matter of right and due process of law.

## CROSS-CLAIM FOR CONTRIBUTION

While denying liability to plaintiff, CCF demands contribution from all co-defendants, with respect to any and all damages which may be assessed against defendant CCF and in favor of plaintiff, together with attorney fees and costs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action which relief may be granted for violations of USC §§, 1961, et seq, 1962 et seq, 2201 & 2202.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages and is therefore barred from recovery against defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not breach any contractual or common law duty owed to plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are due to conduct of third parties over whom defendant exercises no control and is therefore not responsible for as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join certain indispensable parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege it sustained any injury or damages under RICO or any relief can be granted under any statute pertains to RICO.

### NINTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to add additional defenses as discovery may reveal

### THIRD PARTY COMPLAINT

Third Party Plaintiff Cambridge Clarendon Financial Services, LLC a New Jersey LLC who is named as a defendant in the underlying complaint captioned above herein "CCF" by and through its counsel against the Defendants John Doe's 1- 200 of them and ABC Companies 1-200 of them (collectively the "Defendants"), hereby allege as follows:

1. Third party plaintiff principal place of business is in New Jersey and is that of Check Cashing.

2. Starting in 2016 and forward certain individuals who have been alleged in the underlying complaint to have produced improper identification presented identification for the purpose of negotiating now alleged fraudulent checks payable to the Plaintiff in the underlying complaint.

3. Said individuals provided identification which were collected and utilized as part of the ordinary course of business of the Third-Party Plaintiff CCF.

4. Said individuals the Third-Party Defendants provided personal identifiers which were collected and provided as part the ordinary course of business and a normal fee paid as part

3

of the negotiation said checks and cash out paid to presenter. None of the checks were returned to CCF unpaid.

5. Said individuals would often use the service of this Defendant as part of being a check broker on behalf of his clients which is not uncommon practice in the check cashing trade.

6. However, as part of the ordinary course of business this broker would send different individuals on his behalf. Due to the severity of the allegations and the wild allegations made against this Third-Party Plaintiff and Defendant in the underlying complaint, this defendant will reverify the personal identifiers as none of the checks negotiated came back unpaid, before naming said individuals or companies as Defendants and accusing anyone of fraud. However, this claim is being preserved herein as part of this pleading in response to the underlying complaint.

7. Should any of the identifiers be misrepresented as is alleged by the Plaintiff that would be tantamount to a fraud upon this Third-Party Plaintiff that in fact at the time of the presentation of the check the presenter knew or should have known the check was fraudulent and that said presenter had no authority to provide same to CCF for negotiation.

8. Thus, then then the third-party defendants knew or should have known the presentation of said check to CCF would had to have been false for the purpose of inducing CCF to cash the check wrongfully to CCF and its detriment.

9. CCF always followed industry standards and acted in accordance with all ordinary and customary business practices of the check cashing business and would have no way to know that the presenters of the checks were relying on false documents and faulty instruments for negotiations through CCF.

10. As a result of any fraud proven, by the third-party plaintiff would be damaged in the sum of $1,000,000 for each count of the underlying complaint plus costs and attorney fees.

**WHEREFORE,** plaintiff demands judgment against defendant for $1,000,000 per count in the underlying complaint plus attorney's fees, with interest and costs of suit.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues.

Steven J. Sico, Esq.

DATED: 8/1/19

4

## DESIGNATION OF TRIAL COUNSEL

Steven J. Sico, Esq. is designated as trial counsel in this matter.

_____
Steven J. Sico, Esq.

DATED: 8/1/19

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

_____
Steven J. Sico, Esq.

DATED: 8/1/19

BY: Attorneys for Third-Party Plaintiff

_____
BY:   Steven J. Sico, Esq.
      235 Main Street
      Woodbridge, NJ 07095
      732 636 2660
      sjs@stevensico.com

5