UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

PETROFF AMSHEN LLP,

                        Plaintiff,

      v.

ALFA REHAB PT PC, *et al.*,

                        Defendants.

-------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-1861 (MKB) (RML)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Petroff Amshen LLP commenced the above-captioned action against more than

seventy Defendants on April 1, 2019, asserting federal claims under the Racketeer Influenced

and Corrupt Organizations Act ("RICO"), 18 U.S.C § 1962 *et seq.*, and state law claims for fraud

and unjust enrichment.[1]  (Compl. ¶¶ 132–1452, Docket Entry No. 1.)  Several defendants

---

[1]  Plaintiff asserted claims against Defendants Alfa Rehab PT PC; Cambridge Clarendon Financial Services LLC; Brunswick Bank & Trust Company; James Cheng; Chung Kwong Yau; Cai Feng Tan; The Samantha Lee Family Trust; Advanced Rehab Care PT PC; Josephine Belloni; Annarose Rotondi Trust; Agyal Physical Therapy PLLC; Wei Ji Li; Assem Physical Therapy PC; Amro Mahmoud Shokry Barakat; Wisdom Physical Therapy PC; Hatem E. Abouhassan; Kishore Kanduri; Radwa PT PC; Mohamed M. Elmandouh, MD; Ultimate Care Chiropractic PC; Graig Granovsky; Graig Granovsky Chiropractic PC; Third Avenue Chiropractic Care PC; Nathaniel Mazza; Therakinematic PT PC; Legaspi Madeline; Physio Solutions PT PC; Rehab Concepts PT PC; Significant Care PT PC; Sayed F. Sayed; NBC Health Physical Therapy PC; Nathaniel Brex Roa Cayetuna; Lite Care Rehab PT PC; Islam Bekhet; Extensive Care PT PC; Anna Meyerzon; MMA Physical Therapy PT PC; Mazed Abdel Magid, MD; JMP Rehab Care PT; Harkirtan Singh; Dalbir Kaur; Hillside Family Chiropractic PC; Howard Kessler, MD; First Hand Physical Therapy PC; Abdelhamid Abourya; Eye On Well-Being Acupuncture PC; Oates Devan; Core Basics PC; Khaled Nasr; Community Wellness Pharmacy Inc.; Rakmin Ilyabayev; Comfort Touch PT PC; Ferrin Manuel; Canarsie Wellness Pharmacy Inc.; Body Acupuncture Care PC; Oksana Pohayetska; Bright Star Rehab PT PC; Mohamed Y EL Saidy; BL Healthy Life Acupuncture PC; Zenon Kurkarewicz; Bronx Chiropractice Rehabilitation PC; Sean Diamond; Best Touch PT PC; Motaz M. Ebeido; Vital Meridian Acupuncture PC; Ludmila Bobchynska, MD; Meds4Days Pharmacy Inc.; Brittney

including the Alfa Rehab Defendants,[2] Brunswick Bank & Trust Company ("Brunswick Bank"),

Cambridge Clarendon Financial Services, LLC ("Cambridge"),[3] the Granovsky Defendants,[4] the

Coleman; Physical Therapy Rehab PC; Acupuncture Healthcare Plaza I PC; Law Offices of Dominick W. Lavelle PC; Dominick Lavelle; Elsanaa PT PC; Mahmoud Elsanaa; Zhong Su; Libing Su; Manhattan's Hands of Hope PT PC; Jeremy James Schies; Barakat PT PC; Danimark Physical Therapy PC; and John Does #1–10.  (Compl. 1–2.)

Plaintiff also asserted claims against Defendants Kai Ho Richard Tang, Christian Fernandez, DJ Drug Services LLC, Roman Shamalov, River Chemist Corp., Diana Fernandez, and Liu Yu but Plaintiff has since dismissed all claims against these Defendants.  (*See* Stipulation and Order of Voluntary Dismissal Without Prejudice Solely as to Liu Yu and Kai Ho Richard Tang, Docket Entry No. 119; Stipulation and Order of Voluntary Dismissal Without Prejudice Solely as to Christian Fernandez and Diana Fernandez, Docket Entry No. 199; Stipulation of Voluntary Dismissal Without Prejudice as to DJ Drugs & Surgicals, Inc., Improperly Sued as DJ Drug Services LLC, Docket Entry No. 200; Stipulation and Order of Dismissal Solely as to Roman Shamalov and River Chemist Corp., Docket Entry No. 204.)

[2]  The "Alfa Rehab Defendants" include Defendants Hatem E. Abouhassan, Abdelhamid Abourya, Agyal Physical Therapy PLLC, Alfa Rehab PT PC, Assem Physical Therapy PC, Amro Mahmoud Shokry Barakat, Barakat PT PC, Islam Bekhet, Best Touch PT PC, Ludmila Bobchynska, MD, Bright Star Rehab PT PC, Danimark Physical Therapy PC, Motaz M. Ebeido, Mohamed M. Elmandouh, MD, Extensive Care PT PC, First Hand Physical Therapy PC, Rakmin Ilyabayev, Kishore Kanduri, Dalbir Kaur, Zenon Kurkarewicz, Lite Care Rehab PT PC, MMA Physical Therapy PT PC, Mazed Abdel Magid, MD, Manhattan's Hands of Hope PT PC, Anna Meyerzon, NBC Health Physical Therapy PC, Physical Therapy Rehab PC, Physio Solutions PT PC, Radwa PT PC, Rehab Concepts PT PC, Mohamed Y EL Saidy, Sayed F. Sayed, Significant Care PT PC, Therakinematice PT PC, Vital Meridian Acupuncture PC, and Wisdom Physical Therapy PC.  (*See* Alfa Rehab Defs.' Mot to Dismiss ("Alfa Rehab Defs.' Mot."), Docket Entry No. 143.)

[3]  Although Cambridge did not file an initial motion to dismiss, (*see* Brunswick Bank's Mot. to Dismiss ("Brunswick Bank's Mot."), Docket Entry No. 141), the Court construes Cambridge's letter requesting to reinstate Brunswick Bank's motion as notice that Cambridge joined Brunswick Bank's motion because both parties are represented by the same attorney, (*see* Letter dated June 29, 2020, Docket Entry No. 193).

[4]  Defendants Graig Granovsky, Graig Granovsky Chiropractic PC, and Ultimate Care Chiropractic PC are the "Granovsky Defendants."  (*See* Granovsky Defs.' Mot. to Dismiss ("Granovsky Defs.' Mot."), Docket Entry No. 157.)

NBC Health Defendants,[5] Eye On Well-Being Acupuncture PC ("EOWBA"),[6] the Podhayetska Defendants,[7] the Diamond Defendants,[8] and the Lavelle Defendants[9] moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and failure to state a claim.  On October 28, 2019, the Court referred Defendants' motions to Magistrate Judge Robert M. Levy for a report and recommendation.  (Order dated Oct. 28, 2019; Order dated Nov. 4, 2019.)

By report and recommendation dated December 14, 2020, Judge Levy recommended that the Court grant Defendants' motion to dismiss (the "R&R").  (R&R, Docket Entry No. 205.)  On December 21, 2020, Plaintiff timely filed objections to the R&R.  (Pl.'s Obj. to R&R ("Pl.'s Obj."), Docket Entry No. 206.)[10]  For the reasons set forth below, the Court grants Defendants' motions to dismiss and adopts the R&R as modified herein.

---

[5]  The "NBC Health Defendants" include Defendants NBC Health Physical Therapy P.C., Nathaniel Brex Roa Cayetuna, JMP Rehab Care, P.T. P.C., Harkirtan Singh, and Dalbir Kaur.  (*See* NBC Health Defs.' Mot to Dismiss ("NBC Health Defs.' Mot."), Docket Entry No. 161.)  The Court notes that Kaur appears to have moved to dismiss the Complaint twice — once with the Alfa Rehab Defendants and once with the NBC Health Defendants.  (*See id.*; Alfa Rehab Defs.' Mot.)

[6]  (EOWBA Defs.' Mot. to Dismiss ("EOWBA Defs.' Mot."), Docket Entry No. 163.)

[7]  The "Podhayetska Defendants" include Body Acupuncture Care PC and Oksana Podhayetska.  (*See* Podhayetska Defs.' Mot. to Dismiss ("Podhayetska Defs.' Mot."), Docket Entry No. 165-1.)

[8]  The "Diamond Defendants" include Defendants Sean Diamond D.C. and Bronx Chiropractic Care P.C.  (*See* Diamond Defs.' Mot. to Dismiss ("Diamond Defs.' Mot."), Docket Entry No. 160-1.)

[9]  The "Lavelle Defendants" include Defendants Dominick Lavelle and the Law Offices of Dominick W. Lavelle PC.  (*See* Lavelle Defs.' Mot. to Dismiss ("Lavelle Defs.' Mot."), Docket Entry No. 146.)

[10]  Because Plaintiff's objection does not have page numbers, the Court refers to the pagination assigned by the electronic filing system.

I.   **Background**

The Court assumes familiarity with the underlying facts as detailed in the R&R and

provides only a summary of the procedural history and pertinent facts.  The Court assumes the

truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

a.   **Factual background**

On April 1, 2019, Plaintiff commenced this action against Defendants, alleging violations

of RICO, 18 U.S.C § 1962 *et seq.*, and state law claims for fraud and unjust enrichment.

(Compl. ¶¶ 132–1452.)  Plaintiff alleges that Defendants — comprised of primarily

chiropractors, physical therapists, and acupuncturists in New York and New Jersey — engaged

in a "criminal enterprise" to launder "illicitly obtained sums in excess of $600,000" by

fraudulently using Plaintiff's name and reputation unbeknownst to Plaintiff.  (*Id.* at 1.)

Defendants "generated more than 120 negotiable instruments, issued and signed by the

Defendants . . . all made payable to [Plaintiff]."  (*Id.* ¶ 3.)  Defendants distributed these checks

amongst themselves — not to Plaintiff — and endorsed the checks by forging Plaintiff's

signature.  (*Id.*)  Defendants presented the checks to Cambridge, which "endorsed the checks to

pay to the order of Brunswick Bank."  (*Id.* ¶¶ 3, 13.)  Plaintiff alleges that this allowed

Defendants to transfer money "from their corporate accounts that [was] then converted to liquid

assets, *i.e.*, cash."  (*Id.* ¶ 4.)  Defendants also "created false W-9 forms claimed to be issued by

[Plaintiff] to [Defendants] and used the same to hold themselves out as having authority to act on

behalf of [Plaintiff]."  (*Id.* ¶ 6.)  Defendants wrote "legal fees" or "legal services" on the memo

line of the checks.  (*Id.*)

Plaintiff states that it had "absolutely no knowledge of the entire enterprise."  (*Id.* ¶ 5.) Plaintiff did not receive any calls to verify whether the individuals depositing the checks were associated with Plaintiff.  (*Id.* ¶ 8.)

### b.   Procedural history

Between August 30, 2019 and November 21, 2019, the Alfa Rehab Defendants, Brunswick Bank, Cambridge, the Granovsky Defendants, the NBC Health Defendants, EOWBA, the Podhayetska Defendants, the Diamond Defendants, and the Lavelle Defendants moved to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim.[11] Plaintiff opposed the motions.  (Pl.'s Opp'n to Mots. to Dismiss ("Pl.'s Opp'n"), Docket Entry No. 166.)  On October 28, 2019, the Court referred the pending motions to dismiss to Judge Levy for a report and recommendation.  (*See* Order dated Oct. 28, 2019; Order dated Nov. 4,

---

[11]   (Alfa Rehab Defs.' Mot.; Brunswick's Mot.; Brunswick's Mem. in Supp. of Brunswick's Mot., Docket Entry No. 141-1; Granovsky Defs.' Mot.; Granovsky Def.'s Mem. in Supp. of Granovsky Defs.' Mot., Docket Entry No. 155; NBC Health Defs.' Mot.; NBC Health Defs.' Mem. in Supp. of NBC Health Defs.' Mot., Docket Entry No. 161-1; EOWBA Mot.; EOWBA Mem. in Supp. of EOWBA Mot., Docket Entry No. 163-2; Podhayetska Defs.' Mot.; Podhayetska Defs.' Mem. in Supp. of Podhayetska Defs.' Mot., Docket Entry No. 165-3; Diamond Defs.' Mot.; Diamond Defs.' Mem. in Supp. Diamond Defs.' Mot., Docket Entry No. 165-3; Lavelle Defs.' Mot.; Lavelle Defs.' Mem. in Supp. of Lavelle Defs.' Mot., Docket Entry No. 146.)

   Although several Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court assesses these motions under Rule 12(b)(6) because Defendants argue that Plaintiff does not have standing to sue under RICO and "'standing' under RICO . . . is not a jurisdictional concept, but instead is analyzed as a merits issue under Federal Rule of Civil Procedure 12(b)(6)." *Brookhaven Town Conservative Comm. v. Walsh*, 258 F. Supp. 3d 277, 284 (E.D.N.Y. 2017); *see also Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 116–17, 129–30 (2d Cir. 2003) ("We hold that lack of RICO standing does not divest the district court of jurisdiction over the action, because RICO standing, unlike other standing doctrines, is sufficiently intertwined with the merits of the RICO claim that such a rule would turn the underlying merits questions into jurisdictional issues . . . .  In sum, despite describing the proximate causation requirement as 'RICO standing,' such standing is not jurisdictional in nature under Fed. R. Civ. P. 12(b)(1), but is rather an element of the merits addressed under a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim.").

2019.)  On January 22, 2020, Judge Levy heard oral argument on the motions to dismiss.  (Min.

Entry dated Jan. 22, 2020; Tr. of Oral Arg. before Judge Levy dated Jan. 22, 2020 ("Oral Arg.

Tr."), Docket Entry No. 175.)

On March 9, 2020, Judge Levy held a status conference and the parties requested that the

Court not decide the pending motions to dismiss until after the next settlement conference, (Min.

Entry dated Mar. 9, 2020), and on March 12, 2020, the Court stayed the pending motions with

leave to reinstate at any party's request, (Order dated Mar. 12, 2020).  On June 24, 2020, Judge

Levy held a status conference during which the parties updated the status of their settlement

discussions.  (Min. Entry dated June 24, 2020.)  Counsel informed Judge Levy that Plaintiff

reached a settlement with some of the Defendants and was at an impasse with the other

Defendants.  (*Id.*)  Counsel for the non-settling Defendants requested that their motions be

reinstated and decided.  (*Id.*)  After the status conference, several Defendants filed letters

requesting that their motions be reinstated, (collectively, the "Moving Defendants").[12]

---

[12]  The Alfa Rehab Defendants, Brunswick Bank, Cambridge, the Granovsky Defendants, the NBC Health Defendants, the Podhayetska Defendants, and EOWBA filed letters requesting that their motions to dismiss be reinstated.  (*See* Alfa Rehab Defs.' Letter dated July 1, 2020, Docket Entry No. 198; Letter by Brunswick Bank and Cambridge dated June 30, 2020, Docket Entry No. 193; Granovsky Defs.' Letter dated June 23, 2020, Docket Entry No. 195; NBC Health Defs.' Letter dated July 1, 2020, Docket Entry No. 197; Podhayetska Defs.' Letter dated June 29, 2020, Docket Entry No. 191; EOWBA Letter dated Aug. 31, 2020, Docket Entry No. 202.)  Neither the Lavelle Defendants nor the Diamond Defendants filed letters requesting that their motions to dismiss be reinstated.  However, the R&R references both the Lavelle Defendants' and the Diamond Defendants' motions, (*see* R&R 3–4), and the Lavelle Defendants filed a reply to Plaintiff's objection to the R&R, indicating that they are in fact requesting the reinstatement of their motion to dismiss, (*see* Lavelle Defs.' Opp'n to Pl.'s Obj. ("Lavelle Defs.' Opp'n"), Docket Entry No. 214).  Accordingly, the Court construes the Minute Entry dated June 24, 2020 to reinstate all motions to dismiss from non-settling defendants and construes the R&R to recommend that the Court grant all of these reinstated motions.  (*See* Min. Entry dated June 24, 2020 (stating that "[c]ounsel request that the motions be reinstated and decided, as settlement with the remaining defendants is at an impasse").)

### c.   Report and recommendation

Judge Levy recommended that the Court grant Moving Defendants' motions to

(1) dismiss Plaintiff's federal civil RICO claim, (2) decline to exercise supplemental jurisdiction

over Plaintiff's state law unjust enrichment and fraud claims or, in the alternative, dismiss those

claims for failure to state a claim, and (3) dismiss Plaintiff's claim for declaratory judgment for

failure to state a claim.  (R&R 18–19.)

### i.   RICO claims

In the R&R, Judge Levy considered whether Plaintiff met its "two pleading burdens" to

assert a civil RICO claim: (1) whether Plaintiff "allege[d] that . . . [D]efendant[s] violated the

---

The Court notes that the docket entry text for the Alfa Rehab Defendants' request to reinstate their motion includes Defendants Legaspi Madeline, Hillside Family Chiropractic PC, Howard Kessler MD, Elsanaa PT PC, and Mahmoud Elsanaa.  (*See* Alfa Rehab Defs.' Letter dated July 1, 2020 (docket entry text).)  However, these Defendants are not listed in the letter as among the defendants included among the Alfa Rehab Defendants nor are they listed in any other filings from the Alfa Rehab Defendants.  (*See id.*; Alfa Rehab Defs.' Opp'n to Pl.'s Obj. ("Alfa Rehab Defs.' Opp'n"), Docket Entry No. 213.)  Some of these defendants, such as Kessler and Hillside Family Chiropractic PC, have not yet appeared in this action.  Accordingly, the Court understands the inclusion of Legaspi Madeline, Hillside Family Chiropractic PC, Howard Kessler MD, Elsanaa PT PC, and Mahmoud Elsanaa in the Alfa Rehab Defendants' filing to be a clerical error and does not include them in the definition of the Alfa Rehab Defendants.

Defendants Third Avenue and Mazza, writing jointly, and Acupuncture Healthcare, writing separately, submitted letters requesting that their co-defendants' motions to dismiss be reinstated.  (*See* Letter dated June 29, 2020, Docket Entry No. 192; Letter dated Aug. 31, 2020, Docket Entry No. 194.)  Third Avenue and Mazza titled their filing as a letter "joining in co-defendants['] motions to dismiss."  (*See* Letter dated June 29, 2020.)  The Court construes Third Avenue and Mazza's letter as well as Acupuncture Healthcare's letter to join their co-defendants motions to dismiss and modifies the R&R to also incorporate these motions.

Lastly, several Defendants did not move to dismiss the Complaint or have not yet appeared in the action.  The non-moving Defendants are: James Cheng, Chung Kwong Yau, Cai Feng Tan, The Samantha Lee Family Trust, Advanced Rehab Care PT PC, Josephine Belloni, Annarose Rotondi Trust, Wei Ji Li, Legaspi Madeline, Hillside Family Chiropractic PC, Howard Kessler, MD, Oates Devan, Core Basics PC, Khaled Nasr, Community Wellness Pharmacy, Inc., Comfort Touch PT PC, Ferrin Manuel, Canarsie Wellness Pharmacy Inc., BP Healthy Life Acupuncture PC, Meds4Days Pharmacy Inc., Brittney Coleman, Law Offices of Dominick W. Lavelle PC, Elsanaa PT PC, Mahmoud Elsanaa, Zhong Su, Libing Su, Jeremy James Schies, and John Does # 1–10.

substantive RICO statute, 18 U.S.C. § 1962," and (2) whether Plaintiff alleged injury to his business or property "*by reason of* a violation of section 1962" — the equivalent of proximate cause.  (*Id.* at 5 (first quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006); and then quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)).)  Because Judge Levy found that Plaintiff failed to plead both injury and causation by way of any alleged violation, and a violation of the RICO statute, Judge Levy recommended that the Complaint be dismissed.  (*Id.* at 15.)

First, Judge Levy found that Plaintiff failed to plead injury and proximate cause because Plaintiff only asserted that its name and reputation was "sullied by the conduct of . . . Defendants," that it "lost considerable and concrete business opportunities," that it lost "an amount anywhere between $250,000 to $500,000 in revenue" due to its damaged reputation, and that "it has been unable to retain any new no-fault provider clients . . . because said potential clients have indicated an unwillingness to 'be associated with and/or presented by a firm whose reputation was sullied and marred by an involvement with a fraudulent check cashing and money laundering scheme.'"  (*Id.* at 8.)  Judge Levy found that these injuries were not sufficient to allege injury under RICO because they were merely claims of "speculative reputational harm and possible future tax consequences" and Plaintiff did not put forth facts to demonstrate that the lost income was "directly caused by [D]efendants' alleged racketeering activity."  (*Id.* at 9.)  In addition, Judge Levy found Plaintiff's claim of "potential" tax penalties should the checks be imputed as income to Plaintiff "wholly theoretical" since neither the Internal Revenue Service (the "IRS") nor any state tax authority is alleged "to have actually imposed a tax penalty on [P]laintiff relating to the forged checks."  (*Id.*)

Next, Judge Levy assessed whether Plaintiff sufficiently pled that Defendants "(1) participat[ed] in conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" as required to plausibly allege violation of the RICO statute.  (*Id.* at 9 (citing *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017)).)  As to the "enterprise" prong, Judge Levy found that the Complaint did not allege that Defendants "agreed to participate with each other in a criminal enterprise," that "any of them directed the affairs of the alleged racketeering enterprise," or that any Defendants "were even aware of each other's existence," which is not sufficient to demonstrate an enterprise for purposes of a RICO violation. (*Id.* at 10–11.)

As to the "pattern" of racketeering activity prong, Judge Levy found that Plaintiff did not plead with the requisite particularity the RICO predicate acts of mail and wire fraud because Plaintiff did not "provide . . . detail about each individual defendant's alleged role in the purported enterprise, or about the alleged scheme to defraud, that RICO requires."  (*Id.* at 12.) Instead, Plaintiff only accused all Defendants collectively of "forging the 120 negotiable instruments at issue."  (*Id.*)  Judge Levy also found that Plaintiff failed the "pattern" prong because Plaintiff failed to plead that Defendants' predicate acts amounted to or otherwise constituted a threat of continuing racketeering activity.  (*Id.* at 12–13.)  Judge Levy found that Plaintiff failed to demonstrate an open-ended pattern of continuity — that is, "past conduct that by its nature projects into the future with a threat of repetition" — because "[a] fraudulent scheme that targets a single business" is inherently terminable.  (*Id.* at 13–14 (quoting *GICC Cap. Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995)).)  Judge Levy also found that Plaintiff failed to plead a closed-ended pattern of continuity — that is, "a finite, pre-litigation period of repeated conduct over a time period of substantial duration" — because

Plaintiff "group[ed] all of the [D]efendants together into one alleged enterprise, . . . and seeks to hold all of the [D]efendants liable for all of the alleged acts from the issuance of the first check to the last." (*Id.* at 14–15 (quoting *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)).) Because Plaintiff alleged that the enterprise lasted from January 1, 2016 until April 1, 2019, but failed to plead acts occurring throughout that three-year period for all Defendants, Judge Levy found that Plaintiff failed to establish closed-ended continuity. (*Id.*)

### ii.   State law claims

Because Judge Levy found that Plaintiff lacked valid federal RICO claims, Judge Levy recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims since there is not complete diversity between Plaintiff and all the Defendants. (*Id.* at 15.) Nevertheless, Judge Levy also considered the merits of Plaintiff's state law claims for fraud and unjust enrichment. (*Id.*)

Judge Levy found that Plaintiff failed to state a claim for common law fraud because Plaintiff failed to plead reasonable reliance on the fraudulent statement and resulting damage suffered by Plaintiff. (*Id.* at 15–16.) As to the reasonable reliance prong, Plaintiff failed to plead that it "relied in any way on the forged checks, or that it was induced to act or refrain from acting based on [D]efendants' false representations," and allegations that a third party relied on a defendant's false statements are not sufficient. (*Id.* at 16 (citing *Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo*, 148 F.3d 194, 196 (2d Cir. 1998)).) As to the damages prong, Judge Levy found that Plaintiff failed to allege any "'out-of-pocket' expense or pecuniary loss as a result of anything [D]efendant is alleged to have done" and allegations of lost potential clients are not sufficient. (*Id.* at 16–17.)

As to Plaintiff's unjust enrichment claim, Judge Levy found that Plaintiff failed to state a claim because Plaintiff failed to allege that Defendants were enriched at Plaintiff's expense.  (*Id.* at 17.)

### iii.   Declaratory judgment claim

Judge Levy rejected Plaintiff's argument that even without a RICO claim it is "entitled to a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, to 'remove the stain' on its reputation resulting from [D]efendants' alleged actions."  (*Id.* at 18.)  Judge Levy found that because a party may not obtain relief based on the Declaratory Judgment Act alone and because Plaintiff "does not state a claim under RICO or raise any other colorable claim for relief," Plaintiff does not state a claim for declaratory relief.  (*Id.*)

### d.   Plaintiff's objections to the R&R

Plaintiff objects to Judge Levy's determination that it did not state a claim under RICO or for declaratory relief.  (Pl.'s Obj. 1.)  Plaintiff argues that Judge Levy incorrectly determined that (1) Plaintiff failed to sufficiently plead a RICO enterprise, (2) Plaintiff did not allege a pattern of open-ended and closed-ended racketeering activity, (3) Plaintiff did not adequately allege an injury sufficient to demonstrate RICO standing, and (4) Plaintiff did not have standing to assert a declaratory judgment claim.  (*Id.*)

## II.   Discussion

### a.   Standards of review

#### i.   Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and

recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015) (applying the clear error standard when no objections to the magistrate judge's report and recommendation were filed). The clear error standard also applies when a party makes only conclusory or general objections. Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

Whether clear error review or *de novo* review applies when an objecting party reiterates the arguments made to the magistrate judge is unclear. While the Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge, *see Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) . . . ."), the Second Circuit has more recently stated that it is "skeptical" that the clear error standard would be appropriate when the objection is based on a previously asserted argument, *see Moss v. Colvin*,

12

845 F.3d 516, 520 n.2 (2d Cir. 2017) ("[W]e are skeptical that clear error review would be

appropriate in this instance, where arguably 'the only way for [the plaintiff] to raise . . .

arguments [on that point] [was] to reiterate them.'" (third and fourth alterations in original) (first

quoting *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748 (S.D.N.Y. Sept. 27, 2013);

and then citing 28 U.S.C. § 636(b)(1))).  *See also Harewood v. New York City Dep't of Educ.*,

No. 18-CV-5487, 2021 WL 673476, at *6 (S.D.N.Y. Feb. 22, 2021) ("[W]hen the objections

simply reiterate previous arguments or make only conclusory statements, the court should review

such portions of the report only for clear error." (first citing *Dickerson v. Conway*, No. 08-CV-

8024, 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); and then citing *Kirk v. Burge*, 646 F.

Supp. 2d 534, 538 (S.D.N.Y. 2009))); *Castorina v. Saul*, No. 19-CV-991, 2020 WL 6781078, at

*1 (S.D.N.Y. Nov. 18, 2020) ("While courts in this [d]istrict sometimes state that objections that

'simply reiterate [the] original arguments' merit only clear error review, this rule lacks support in

either 28 U.S.C. § 636(b)(1)(C) or Rule 72(b)(2) of the Federal Rules of Civil Procedure.  The

Second Circuit has expressed similar skepticism." (alteration in original) (citations omitted)).

### ii.   12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the

complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Kim v. Kimm*,

884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d

Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v.

N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)).  A complaint must plead "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

> **b.   The Court conducts *de novo* review to the objected to portions of the R&R**

As an initial matter, Moving Defendants argue that clear error review of Plaintiff's objections is warranted because "Plaintiff merely repeats its previous arguments" made before the magistrate judge.[13]

Plaintiff did not submit a reply to Moving Defendants' opposition papers.

Plaintiff's arguments repeat the arguments made to Judge Levy — that Plaintiff adequately pled injury, the existence of an enterprise, and a pattern of racketeering to support its RICO claim and that Plaintiff has standing to seek declaratory relief.  (*Compare* Pl.'s Obj. *with* Pl.'s Opp'n.)  Given the ambiguity as to which standard applies, the Court conducts *de novo* review out of an abundance of caution.

> **c.   Unopposed portions of the R&R**

> **i.   RICO predicate acts of mail and wire fraud**

No party has objected to the recommendation that the Court find that Plaintiff failed to plead the RICO predicate acts of mail and wire fraud.  Plaintiff objects to Judge Levy's finding

---

[13] (Podhayetska Defs.' Opp'n to Pl.'s Obj. ("Podhayetska Defs.' Opp'n") 2 n.1, Docket Entry No. 208 (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); Granovsky Defs.' Opp'n to Pl.'s Obj. ("Granovsky Defs.' Opp'n") 3, Docket Entry No. 209; NBC Health Defs.' Opp'n to Pl.'s Obj. ("NBC Health Defs.' Opp'n") 6, Docket Entry No. 210; Brunswick Bank and Clarendon Defs.' Opp'n to Pl.'s Obj. ("Brunswick and Clarendon Opp'n") 1–2, Docket Entry No. 211; Mazza and Third Ave Defs.' Opp'n to Pl.'s Obj ("Third Ave Defs.' Opp'n") 1–2, Docket Entry No. 212; Alfa Rehab Defs.' Opp'n; Lavelle Defs.' Opp'n to Pl.'s Obj. ("Lavelle Defs.' Opp'n"), Docket Entry No. 214.)

that it did not plead two related RICO predicate acts overall, but it only argues that it properly pled the predicate acts of money laundering and bank fraud. (Pl.'s Obj. 7–12.) Plaintiff does not address Judge Levy's finding that it failed to plausibly allege mail and wire fraud. (*See id.*) Having reviewed this recommendation for clear error and finding none, the Court finds that Plaintiff failed to plead the RICO predicate acts of mail and wire fraud.

### ii.   Supplemental jurisdiction

No party has objected to the recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims for common law fraud and unjust enrichment if the Court dismisses Plaintiff's federal claims. (R&R 15–17.) As explained below, the Court dismisses Plaintiff's federal claims. Having reviewed this recommendation for clear error and finding none, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims for common law fraud and unjust enrichment.

### d.   Plaintiff fails to state a RICO claim

Plaintiff objects to Judge Levy's finding that it did not properly plead a claim under section 1962(c). (Pl.'s Obj. 2–20.) Plaintiff argues that it sufficiently pled both (1) a violation of the substantive RICO statute and (2) injury. (*Id.*)

"RICO creates a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962' of RICO." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (alteration in original) (quoting 18 U.S.C. § 1964(c)). The statute "imposes liability on individuals working for an 'enterprise' that commits certain predicate crimes that amount to a 'pattern of racketeering activity.'" *Reich*, 858 F.3d at 59 (quoting 18 U.S.C. §§ 1962, 1964). "The Supreme Court has interpreted [the] phrase ['pattern of racketeering activity'] to require both that the RICO predicates pose a threat of

continuous criminal activity and that they be related to each other." *Id.* (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "In order to bring suit under [section] 1964(c), a plaintiff must plead (1) the defendant's violation of [section] 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 767 (2d Cir. 1994)); *see also Empire Merchants, LLC*, 902 F.3d at 140 ("To sue under RICO, a plaintiff must also establish that the underlying [section] 1962 RICO violation was 'the proximate cause of his injury.'" (quoting *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 132 (2d Cir. 2010))). "[A]llegations of frivolous, fraudulent, or baseless litigation activities — without more — cannot constitute a RICO predicate act." *Kim*, 884 F.3d at 104. Where a plaintiff alleges fraud as a predicate for a RICO claim, "Rule 9(b) [of the Federal Rules of Civil Procedure] calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 537–38 (S.D.N.Y. 2014) (quoting *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999)).

The Court addresses each of Plaintiff's objections in turn.

### i.   Plaintiff did not plead a violation of the substantive RICO statute

To establish a RICO claim, a plaintiff must plead "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)); *see also Nowak v. JPMorgan Chase & Co.*, --- F. App'x ---, ---, 2021 WL

16

745285, at *1 (2d Cir. Feb. 26, 2021) (same); *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir.

2020) ("To state a claim of a substantive RICO violation under [section] 1962(c), a plaintiff must

allege, among other things, two or more predicate acts 'constituting a pattern' of 'racketeering

activity.'" (quoting *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018)));

*Williams*, 889 F.3d at 123–24 ("To sustain a RICO claim under 18 U.S.C. § 1962(c), a plaintiff

must show '(1) that the defendant (2) through the commission of two or more acts (3)

constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or

maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect

interstate or foreign commerce.'" (quoting *Moss*, 719 F.2d at 17)).

### 1.   RICO enterprise

Plaintiff objects to Judge Levy's finding that Plaintiff did not plausibly allege an

enterprise under RICO.  (Pl.'s Obj. 3–7.)  Plaintiff argues that it adequately pled the existence of

"sufficient RICO 'enterprises' against each of the distinct [c]orporate [d]efendants . . . with each

[i]ndividual [defendant[] . . . who owns(s) and/or control(s) the distinct legal entities as the

'persons' being held liable for the racketeering activities" of the enterprises.  (*Id.* at 4 (citations

omitted).)  In support of its contention that the Complaint pled that "all Defendants acted/or

colluded together in a single predominant RICO enterprise," Plaintiff points to statements in the

Complaint that more than fifty corporate entities generated more than 120 negotiable instruments

issued and signed by Defendants and made payable in their names.  (*Id.* at 6.)  Plaintiff argues

that the Court should infer the connection between the parties because "[i]t stretches the

imagination to believe that the [c]orporate [d]efendants would engage in the same wrongful

conduct . . . which targeted the same law firm . . . , and cash[ed] said instruments at one single

check-cashing locale in New Jersey."  (*Id.* at 7.)

In their respective filings, Moving Defendants oppose Plaintiff's objections and argue that Judge Levy properly found no RICO enterprise because: (1) Plaintiff's allegations are conclusory, (*see* Podhayetska Defs.' Opp'n 3), (2) Plaintiff did not plead facts showing a shared identity between the Defendants and allegations of a common purpose without specific facts is insufficient to state a claim, (*see id.*; Granovsky Defs.' Opp'n 5), and (3) Plaintiff failed to plead with particularity the "structure of the alleged criminal enterprise, the nature and extent of each [D]efendant's alleged participation, or even that the co-defendants were aware of each other," (Mazza and Third Ave Opp'n 2), and such an inference cannot be drawn just because all the Defendants used the same law firm name and check cashing entity, (NBC Health Defs.' Opp'n 6).

"The RICO statute defines 'enterprise' as 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *D'Addario v. D'Addario*, 901 F.3d 80, 100 (2d Cir. 2018) (quoting 18 U.S.C. § 1961(4)). A RICO enterprise can consist of "a group of persons associated together for a common purpose of engaging in a course of conduct," the existence of which is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)); *see also Yien-Koo King v. Wang*, No. 14-CV-7694, 2020 WL 6875403, at *18 (S.D.N.Y. Nov. 23, 2020) (same). The United States Supreme Court has "instructed that, in accordance with the law's purposes, the RICO statute is to be 'liberally construed,' giving a broad and flexible reach to the term 'association-in-fact'" and has "rejected attempts to graft onto the statute formal strictures that would tend to exclude amorphous or disorganized groups of individuals from

18

being treated as RICO "enterprises."  *D'Addario*, 901 F.3d at 100 (quoting *Boyle v. United States*, 556 U.S. 944, 945 (2009)).

An association-in-fact enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Zamora v. FIT Int'l Grp. Corp.*, 834 F. App'x 622, 625 (2d Cir. 2020) (quoting *Boyle*, 556 U.S. at 938).  "Such an enterprise 'must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'"  *Id.* (quoting *Boyle*, 556 U.S. at 946); *see also Kelco Constr., Inc. v. Spray in Place Sols., LLC*, No. 18-CV-5925, 2019 WL 4467916, at *7 (E.D.N.Y. Sept. 18, 2019) (same).  "As to the purpose requirement, a plaintiff must demonstrate that the members of the association 'share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.'"  *Zamora*, 834 F. App'x at 625 (quoting *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013)); *see also Lynn v. McCormick*, 760 F. App'x 51, 53 (2d Cir. 2019) ("Members of the enterprise must, among other things, share a common purpose." (citing *Boyle*, 556 U.S. at 946)); *First Cap. Asset Mgmt., Inc.*, 385 F.3d at 174 (stating that members of the association must "share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes"); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427, 2014 WL 4773991, at *16 (E.D.N.Y. Sept. 24, 2014) ("Formal hierarchy, role differentiation, regular meetings, or established procedures are not required; rather, an informal entity may constitute an enterprise as long as 'the group . . . function[s] as a continuing unit and remain[s] in existence long enough to pursue a course of conduct.'" (alterations in original) (quoting *Boyle*, 556 U.S. at 948)).  "A person violates section 1962(c), and may thus be liable in an action brought under section 1964, only if he 'conduct[ed]'

19

the enterprise's affairs or participated in that conduct." *D'Addario*, 901 F.3d at 103 (alteration in original) (quoting 18 U.S.C. § 1962(c)).

Despite the similarities in Moving Defendants' conduct, Plaintiff failed to plead the existence of a RICO enterprise because Plaintiff failed to plead facts demonstrating interpersonal relationships among Moving Defendants and that they acted as a unit with a common purpose. As Judge Levy noted in the R&R, "nowhere in the [C]omplaint does [P]laintiff allege that the [Moving] [D]efendants were even aware of each other's existence, let alone that they agreed to participate with each other in a criminal enterprise." (R&R 11.) Plaintiffs' sole argument that all Moving Defendants are linked is that the Court should infer the connection between the parties because "[i]t stretches the imagination to believe that the [c]orporate [d]efendants would engage in the same wrongful conduct . . . which targeted the same law firm, and cash[ed] said instruments at one single check-cashing locale in New Jersey." (Pl.'s Obj. 7.) Plaintiff's allegations essentially amount to allegations of a rimless hub-and-spokes association in which the coordinator of the forged check cashing scheme is at the center and the participants cashing the checks with an unknown relationship between each other are the spokes. The Court acknowledges that after *Boyle*, courts have disagreed as to whether a hub-and-spokes association constitutes a RICO enterprise. *See Gucci Am., Inc. v. Alibaba Grp. Holding Ltd.*, No. 15-CV-3784, 2016 WL 6110565, at *5 (S.D.N.Y. Aug. 4, 2016) ("*Boyle* explicitly rejects the need for any particular structure to support a RICO enterprise, while also recognizing that every RICO enterprise must have certain structural features. Courts have subsequently disagreed whether 'hub-and-spokes' association could satisfy RICO's enterprise requirement."). However, some courts within the Second Circuit have held that a hub-and-spokes association is insufficient to constitute a RICO enterprise. *See id.* (collecting cases); *see also J.T. v. de Blasio*, No. 20-CV-

5878, 2020 WL 6748484, at *21 (S.D.N.Y. Nov. 13, 2020) ("[N]umerous courts have held that

allegations of parallel conduct alone cannot support the inference that RICO defendants are

joined together for a common purpose." (first citing *Gucci America, Inc.*, 2016 WL 6110565, at

*6–7; and then citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010)));

*Dynarex Corp. v. Farrah*, No. 18-CV-7072, 2019 WL 2269838, at *3 (S.D.N.Y. May 28, 2019)

(finding no enterprise when the "plaintiff allege[d] a classic rimless hub-and-spoke conspiracy"

because the plaintiff's allegations that the defendants knew each other were conclusory and did

not allege they "depended on one another, acted for one another's benefit, or relied on one

another"); *Elavon, Inc. v. Ne. Advance Techs., Inc.*, No. 15-CV-7985, 2017 WL 4876300, at *10

(S.D.N.Y. Oct. 27, 2017) (finding that the complaint did not allege a RICO enterprise because it

alleged only "a rimless 'hub-and-spokes' structure in which each cardholder defendant

committed a separate act of fraud with only [the defendant]" and stating that "[w]ithout

allegations that any alleged conspirator acted for the benefit of another conspirator, that any had

relationships with one another, or that their actions were anything except 'isolated and

independent,' an 'enterprise' is not sufficiently [pled]" (quoting *Cedar Swamp Holdings, Inc. v.

Zaman*, 487 F. Supp. 2d 444, 452 (S.D.N.Y. 2007))); *Abbott Lab'ys v. Adelphia Supply USA*, No.

15-CV-5826, 2017 WL 57802, at *5 (E.D.N.Y. Jan. 4, 2017) ("[C]onsistently, both before and

after *Boyle*, 'courts have held that allegations of a "hub-and-spokes" structure . . . do not satisfy

the enterprise element of a RICO claim.'" (quoting *Cedar Swamp Holdings, Inc.*, 487 F. Supp.

2d at 450)).

      Moreover, the Complaint failed to allege any information from which the Court can

conclude that the more than seventy alleged members functioned as a unit.  *See Aerowest GmbH

v. Freitag*, No. 15-CV-2894, 2016 WL 3636619, at *3 (E.D.N.Y. June 28, 2016) ("A RICO

'association in fact' enterprise requires at least the pleading of an organized entity, and not, as here, pleading only that a group existed to commit fraud.  It requires that the enterprise have a common purpose, and functions as a continuing unit, and that each [d]efendant has some part in directing the affairs of the enterprise."); *Town of Mamakating, N.Y. v. Lamm*, No. 15-CV-2865, 2015 WL 5311265, at *9 (S.D.N.Y. Sept. 11, 2015) (finding that "[t]he fatal flaw is [the] plaintiffs' failure to explain the 'specific details of any hierarchy, organization, or unity among the various alleged conspirators' in any non-conclusory way" and noting that numerous alleged predicate acts that might demonstrate the existence of a pattern of racketeering activity "are not necessarily sufficient to show an association-in-fact RICO enterprise [because] the enterprise must have an existence separate and apart from the racketeering scheme itself" (quoting *Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co., Inc.*, 165 F. Supp. 2d 514, 549 (S.D.N.Y. 2001))), *aff'd sub nom. Town of Mamakating v. Lamm*, 651 F. App'x 51 (2d Cir. 2016); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014) ("Nor is there information from which it could be concluded that [the] [d]efendants function as a unit or that they shared a common purpose, in the absence of any mention of the roles each [d]efendant played and the actions they took.").

In addition, courts in the Second Circuit have held that common activity alone is insufficient to plead the existence of a RICO enterprise.  *See D'Addario*, 901 F.3d at 101 ("Proof that 'several individuals, independently and without coordination, engaged in a pattern of crimes listed as RICO predicates, . . . [is] not . . . enough to show that the individuals were members of an enterprise.'" (alteration in original) (quoting *Boyle*, 556 U.S. at 947 n.4)); *D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 668 (2d Cir. 2014) (finding that the plaintiff failed to plead a RICO enterprise when "the complaints fail to provide a plausible basis for inferring that [the

defendants] acted 'on behalf of the enterprise as opposed to on behalf of [themselves] in their individual capacities, to advance their individual self-interests'" and stating that "[t]he complaints may adequately plead that [the defendants] worked together in some respects to steal plaintiffs' funds, but . . . create no plausible inference that they did so to advance the political agenda of their purported 'enterprise' or for any shared purpose" (quoting *United Food & Comm. Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 854 (7th Cir. 2013))); *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 307 (S.D.N.Y. 2010) (stating that the Supreme Court in *Boyle* "made a point of noting that an association required proof of interpersonal relationships" and finding no enterprise when "[n]othing in the [c]omplaint explains how these particular people, located in different parts of the country, came to an agreement to act together — or even how they knew each other . . . [or] that they knew each other" despite them being engaged "in the same type of illicit conduct during the same time period"); *cf. Eagle One Roofing Contractors, Inc. v. Acquafredda*, No. 16-CV-3537, 2018 WL 1701939, at *7 (E.D.N.Y. Mar. 31, 2018) (finding an association-in-fact enterprise when the plaintiff alleged a scheme in which "defendants would submit false invoices to [another defendant] for work that was never done, and the insider defendants" would ensure other defendants were paid, and that "each member of the [e]nterprise knew generally about the role of the others"); *Delgado*, 2014 WL 4773991, at *17 (finding existence of a RICO enterprise when the complaint described "how [d]efendants functioned as a unit . . . , namely 'limiting costs and maximizing each members' profits, . . . alleging that [the defendant] shares its logo and customer lists and includes monthly charges for [another defendant's] plan on its bills; [the other defendant] creates and mails the solicitation materials; and [another defendant] endorses the checks and sales pitch inserts" and that the agreement is underpinned by "contractual

relationships, agreements, and financial ties" (citations omitted)); *Allstate Ins. Co. v. Etienne*, No. 09-CV-3582, 2010 WL 4338333, at *8 (E.D.N.Y. Oct. 26, 2010) (finding existence of an enterprise when the complaint alleged that "the enterprise recruits professionals and non-professionals, deploys them to perform tasks beyond the acts of mail fraud, creates and maintains patient files, negotiates and executes contracts").

Plaintiff contends that the Court should infer the existence of an enterprise involving all Defendants.  However, in addition to not alleging that the various Defendants acted as a unit as discussed above, Plaintiff also fails to allege each Defendant's role in the enterprise.  *See D'Addario*, 901 F.3d at 103.  For example, Plaintiff alleges that Defendant Alfa Rehab's name appears on multiple checks issued to Petroff Amshen but Defendant Alfa Rehab uses various addresses that appear on the checks.  (Compl. ¶ 144.)  Plaintiff next alleges as its basis for claims against Defendants Yau, Samantha Trust, and Tan that upon information and belief, the checks contained their primary residences and official addresses and that they "knew that the scheme and check cashing transactions were intended to avoid a transaction reporting requirement."  (*Id.* ¶¶ 143–149.)  Similar types of allegations of incorporating Defendants into the enterprise because their address appears on the check pervade the Complaint.  (*See, e.g.*, *id.* ¶¶ 181–184, 215–219, 325–326, 358–361, 393–396, 428–431, 463–465, 495–497.)  Such allegations based on group pleadings are inadequate, "especially under Rule 9(b)'s heightened pleading standard." *Gutterman v. Herzog*, No. 20-CV-1081, 2020 WL 6728787, at *5 (E.D.N.Y. Nov. 16, 2020) (finding claims linking defendant to the enterprise by alleging that he signed five fraudulent checks over the course of four years insufficient because almost all of the allegedly fraudulent acts were perpetrated by nonparties and allegations that he signed the checks "premised on

24

'information and belief' without identifying the source of information and belief" are insufficient).

Accordingly, the Court finds that Plaintiff fails to plead sufficient facts to support the existence of a RICO enterprise.

## 2. Pattern of racketeering

Plaintiff objects to Judge Levy's finding that the Complaint did not sufficiently plead RICO predicate acts. (Pl.'s Obj. 7–12.) Plaintiff argues that it pled the two related predicate acts of money laundering and bank fraud and therefore, plausibly alleged that Defendants committed the RICO predicate acts. (*Id.*)

To sustain a civil RICO claim, a plaintiff must plausibly allege a pattern of racketeering activity, which consists of (1) at least two predicate acts, "the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity" which (2) "amount to or pose a threat of continued criminal activity." *Grace Int'l Assembly of God v. Festa*, 797 F. App'x 603, 605 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 358 (2020) (first quoting 18 U.S.C. § 1961(5); and then quoting *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999)); *AmBase Corp. v. 111 W. 57th Sponsor LLC*, 785 F. App'x 886, 888 (2d Cir. 2019).

In the Complaint, Plaintiff only alleged the RICO predicate acts of mail fraud, wire fraud, and money laundering.[14] Nowhere in the Complaint does Plaintiff allege bank fraud as a RICO predicate and Plaintiff may not amend the Complaint through its moving papers. *See Storms v.*

---

[14] (Compl. ¶¶ 151–152, 186–187, 221–222, 257–258, 293–294, 328–329, 363–364, 398–399, 432–433, 466–467, 499–500, 532–533, 565–566, 598–599, 629–630, 660–661, 691–692, 722–723, 753–754, 784–785, 815–816, 846–847, 877–878, 908–909, 939–940, 970–971, 1001–1002, 1032–1033, 1063–1064, 1094–1095, 1125–1126, 1155–1156, 1186–1187, 1218–1219, 1249–1250, 1280–1281, 1311–1312, 1342–1343, 1372–1373, 1402–1403, 1433–1434.)

*United States*, No. 13-CV-811, 2015 WL 1196592, at *17 (E.D.N.Y. Mar. 16, 2015) ("Because [the plaintiffs] cannot amend their pleadings through their motion papers in an effort to circumvent dismissal, the [c]ourt does not recognize these factual allegations. (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998))); *United States ex rel. Siegel v. Roche Diagnostics, Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. Dec. 30, 2013) (noting that the "[p]laintiff may not amend his complaint through motion papers" (quoting *Willner v. Doar*, No.. 12-CV-1955, 2013 WL 4010205, at *5 (E.D.N.Y. Aug. 5, 2013))).

Accordingly, because the Court adopts Judge Levy's recommendation that Plaintiff did not plausibly allege wire and mail fraud, the Court need not address whether Plaintiff plausibly alleged the RICO predicate act of money laundering because plausibly alleging just one RICO predicate act is not sufficient. *See Butcher*, 975 F.3d at 241 ("To state a claim of a substantive RICO violation under [section] 1962(c), a plaintiff must allege, among other things, *two or more* predicate acts 'constituting a pattern' of 'racketeering activity.'" (quoting *Williams*, 889 F.3d at 124) (emphasis added)).[15]

### ii.   Plaintiff did not plausibly allege injury and proximate cause

In its objection to Judge Levy's conclusion that it did not suffer an injury sufficient to support a civil RICO claim, Plaintiff argues that it adequately pled facts demonstrating injury because its reputation has been severely damaged as a result of Moving Defendants' actions and "a law firm's reputation has tangible value." (Pl.'s Obj. 16–22.) In support, Plaintiff argues that because it has in the past "represented multiple clients similar to the Defendants herein" and because it has been unable to retain any "new no-fault provided clients" resulting in "financial

---

[15]   Although Judge Levy found that Plaintiff failed to allege continuity, the Court does not address continuity here as Plaintiff has not plausibly alleged two predicate acts.

damages of at least $250,000," it has plausibly alleged an injury to support its RICO claim.  (*Id.*)
In addition, Plaintiff argues that it is also subject to potential tax liability in the amount of nearly
$600,000.  (*Id.* at 19.)  Plaintiff also argues that it "has and will suffer significant lost business
and tax penalties *solely* as a result of Defendants' criminal check cashing scheme" and because
"potential clients[] themselves[] have made clear that they do not wish to retain Plaintiff solely
because of its perceived entanglement with Defendants' crimes."  (*Id.* at 20.)

      In their respective filings, Moving Defendants oppose Plaintiff's objections and argue
that Judge Levy properly found no injury because Plaintiff's alleged reputational harm is
speculative and the potential tax liability is "wholly theoretical" since Plaintiff has not actually
had a tax penalty imposed on Plaintiff for the forged checks.  (*See* Podhayetska Defs.' Opp'n 2;
Granovsky Defs.' Opp'n 3–4; NBC Health Defs.' Opp'n 2–3; Brunswick and Clarendon Opp'n
1; Third Ave Defs.' Opp'n 2; Alfa Rehab Defs.' Opp'n (incorporating by reference the
arguments made by the other Moving Defendants); Lavelle Defs.' Opp'n (same).)

      To establish injury under section 1964(c), a plaintiff must prove "that she suffered an
injury to her 'business or property,' but also . . . that her injury was caused 'by reason of' the
RICO violation — a standard that we have equated to the familiar 'proximate cause' standard."
*D'Addario*, 901 F.3d at 96; *see also Empire Merchants, LLC*, 902 F.3d at 140 ("To sue under
RICO, a plaintiff must also establish that the underlying [section] 1962 RICO violation was 'the
proximate cause of his injury.'" (quoting *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121,
132 (2d Cir. 2010))).  "This means that there must be some 'direct relation between the injury
asserted and the injurious conduct alleged.'"  *Empire Merchants, LLC*, 902 F.3d at 140 (quoting
*Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992)).  "[A] mere 'expectation' cannot
constitute 'business or property' under RICO."  *Villoldo v. BNP Paribas S.A.*, 648 F. App'x 53,

55 (2d Cir. 2016) (quoting *McLaughlin v. Am. Tobacco Corp.*, 522 F.3d 215, 228 (2d Cir. 2008)).

Plaintiff failed to plead facts demonstrating that it suffered an injury sufficient to confer RICO standing.  As Judge Levy correctly noted in the R&R, the Complaint "only alleges speculative reputational harm and possible future tax consequences."  (R&R 9.)  In its objection, Plaintiff points to allegations in the Complaint of lost business as sufficient to support its claim of injury.  (*See* Pl.'s Obj. 19–20 (citing Compl. ¶¶ 130–131).)  The relevant portion of the Complaint alleges:

> 130. Upon information and belief, [Plaintiff] will face, as proximate cause of the Defendants' criminal action, significant tax penalties, in an amount to be determined in the future and during discovery, unless the Court grants the relief sought herein.
>
> 131. Upon information and belief, [Plaintiff] will suffer substantial injury to its reputation as a result of the Defendants' conduct in which the name, business reputation and identity of [Plaintiff] was used to conduct a fraudulent scheme.

(Compl. ¶¶ 130–131.)  These allegations fail to identify specific instances of lost business and only conclusorily allege potential lost clients based on reputational harm, which is not sufficient to plausibly allege injury for purposes of a civil RICO claim.  *See Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14, 16 (2d Cir. 2006) ("[G]eneralized reputational harms . . . including the risk of future lost business commissions, are too speculative to constitute an injury to business or property." (citing *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990))); *Santana v. Adler*, No. 17-CV-6147, 2018 WL 2172699, at *7 (S.D.N.Y. Mar. 26, 2018) ("[R]eputational harm is not a cognizable injury under RICO." (citing *Burrowes v. Combs*, 312 F. Supp. 2d 449, 452 (S.D.N.Y. 2004), *aff'd*, 124 F. App'x 70 (2d Cir. 2005))), *report and recommendation adopted*, 2018 WL 2170299 (S.D.N.Y. May 10, 2018); *Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 459 (S.D.N.Y. 2004) (finding that damages to

28

plaintiff's business reputation and good will "simply are not the type of injuries to 'business or property' that are actionable under RICO") (citing *Holmes*, 503 U.S. at 265–68)), *aff'd*, 173 F. App'x 15 (2d Cir. 2006); *see also Ozeran v. Jacobs*, No. 17-CV-7965, 2018 WL 1989525, at *9 (C.D. Cal. Apr. 25, 2018) ("[The plaintiff's] alleged injury — the devaluation of his advertisement and loss of potential customers — is too attenuated to satisfy the civil RICO proximate cause requirement."), *aff'd*, 798 F. App'x 120 (9th Cir. 2020).  In addition, Plaintiff failed to plead that any tax penalties had been imposed on or threatened against Plaintiff.  At oral argument, when Judge Levy questioned Plaintiff about whether it was inevitable that there would be tax consequences, Plaintiff simply reiterated the "potential penalty" and said that this possibility was enough "at the pleading stage" to meet the RICO pleading standard.  (*See* Oral Arg. Tr. 37:3–38:14.)  These allegations of "potential" tax penalties are merely speculative.  *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) (stating that not yet being assessed a penalty by the IRS is one example of unknown and therefore not "clear and definite" damages to support RICO standing); *Town of Islip v. Datre*, 245 F. Supp. 3d 397, 409 (E.D.N.Y. 2017) ("[A] claim will be dismissed for lack of statutory standing 'where the extent of damages are still unknown, [and therefore] a RICO injury remains speculative and unprovable.'" (quoting *DLJ Mortg. Cap., Inc. v. Kontogiannis*, 726 F. Supp. 2d 225, 237 (E.D.N.Y. 2010))); *Nelson v. Publishers Circulation Fulfillment, Inc.*, No. 11-CV-1182, 2012 WL 760335, at *6 (S.D.N.Y. Mar. 7, 2012) (finding the plaintiff's claims that she may "one day suffer tax liability" insufficient to support the requisite injury for a RICO claim); *see also Hunter v. Union Corp.*, No. 93-2987, 1994 WL 1058668, at *2 (N.D. Cal. Dec. 23, 1994) ("[P]otential future tax liabilities will not suffice to show the requisite injury for a RICO claim.").

Accordingly, Plaintiff fails to plead sufficient facts to plausibly allege an injury under RICO.

### e.   Declaratory judgment

Plaintiff objects to Judge Levy's conclusion that it does not have standing to obtain a declaratory judgment if its RICO claim is dismissed for failure to state a claim.  (Pl.'s Obj. 22–26.)  Plaintiff contends that it is entitled to declaratory relief because it suffered significant financial damages and has been exposed to tax liability, and that the nature of Moving Defendants' enterprise is ongoing.  (*Id.* at 24–25.)

In their respective filings, Moving Defendants oppose Plaintiff's objections and argue that Judge Levy properly found that Plaintiff is not entitled to declaratory relief because the Declaratory Judgment Act "does not create an independent cause of action."  (Podhayetska Defs.' Opp'n 4–5 (quoting R&R 18); NBC Health Defs.' Opp'n 8; Brunswick Bank and Clarendon Defs.' Opp'n 1; Third Ave Defs.' Opp'n 3.)

A plaintiff cannot maintain a claim for a declaratory judgment where the underlying substantive claim has been dismissed since the Declaratory Judgment Act only created a procedural mechanism and not an independent cause of action.  *Norton v. Town of Islip*, 678 F. App'x 17, 22 (2d Cir. 2017) ("[T]he Declaratory Judgment Act 'is procedural only . . . and does not create an independent cause of action.'" (quoting *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012))); *Chevron Corp.*, 667 F.3d at 244 ("The [Declaratory Judgment Act] gives a district court the discretion to 'declare the legal rights and other legal relations of any interested party seeking such declaration.'  But that discretion does not extend to the declaration of rights that do not exist under law.  Like a preliminary injunction, a declaratory judgment relies on a valid legal predicate.  The [Declaratory Judgment Act] is 'procedural only,' and 'does not create

30

an independent cause of action.'" (citations omitted)); *Knox v. Ironshore Indem. Inc.*, No. 20-CV-4401, 2021 WL 256948, at *4 (S.D.N.Y. Jan. 26, 2021) ("The Declaratory Judgment Act is 'procedural only and does not create an independent cause of action.' . . . Thus, a plaintiff may not use the Declaratory Judgment Act to 'create legal rights that do not otherwise exist.'" (quoting *Chevron Corp.*, 667 F.3d at 244–45)); *Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020) ("[A] 'request for a declaratory judgment is not a cause of action; it is a request for a remedy that does not exist independent of a plausible underlying claim for relief.'" (quoting *Lisa Coppola, LLC v. Higbee*, No. 19-CV-678, 2020 WL 1154749, at *10 (W.D.N.Y. Mar. 10, 2020))); *Crewe v. Rich Dad Educ., LLC*, 884 F. Supp. 2d 60, 80 (S.D.N.Y. 2012) ("[T]he Declaratory Judgment Act is not a source of federal substantive rights, because it does not 'provide an independent cause of action. Its operation is procedural — to provide a form of relief previously unavailable.'"); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action.").

Because Plaintiff's underlying substantive RICO claim is dismissed for failure to state a claim and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for fraud and unjust enrichment, Judge Levy correctly found that Plaintiff is not entitled to independent declaratory relief.

**III. Conclusion**

For the foregoing reasons, the Court adopts the R&R as modified herein and grants Moving Defendants' motions to dismiss the Complaint as against them.[16] In view of the Court's

---

[16]  Moving Defendants against whom the Complaint is dismissed are: Hatem E. Abouhassan, Abdelhamid Abourya, Agyal Physical Therapy PLLC, Alfa Rehab PT PC, Assem Physical Therapy PC, Amro Mahmoud Shokry Barakat, Barakat PT PC, Islam Bekhet, Best Touch PT PC, Ludmila Bobchynska, MD, Bright Star Rehab PT PC, Danimark Physical Therapy

31

findings, Plaintiff is ordered to show cause within two weeks of this decision why the Court should not dismiss the action against all non-moving Defendants.  In addition, the Court orders Cambridge to show cause within two weeks of this decision why the Court should not dismiss its crossclaims seeking contribution from all Defendants with respect to any damages that may be assessed against it.

Dated:  March 15, 2021
        Brooklyn, New York

SO ORDERED:


       s/ MKB
MARGO K. BRODIE
United States District Judge

---

PC, Motaz M. Ebeido, Mohamed M. Elmandouh, MD, Extensive Care PT PC, First Hand Physical Therapy PC, Rakmin Ilyabayev, Kishore Kanduri, Dalbir Kaur, Zenon Kurkarewicz, Lite Care Rehab PT PC, MMA Physical Therapy PT PC, Mazed Abdel Magid, MD, Manhattan's Hands of Hope PT PC, Anna Meyerzon, NBC Health Physical Therapy PC, Physical Therapy Rehab PC, Physio Solutions PT PC, Radwa PT PC, Rehab Concepts PT PC, Mohamed Y EL Saidy, Sayed F. Sayed, Significant Care PT PC, Therakinematice PT PC, Vital Meridian Acupuncture PC, Wisdom Physical Therapy PC, Cambridge Clarendon Financial Services LLC, Brunswick Bank & Trust Company, Graig Granovsky, Graig Granovsky Chiropractic PC, Ultimate Care Chiropractic PC, NBC Health Physical Therapy P.C., Nathaniel Brex Roa Cayetuna, JMP Rehab Care, P.T. P.C., Harkirtan Singh, Eye On Well-Being Acupuncture PC, Body Acupuncture Care PC, Oksana Podhayetska, Sean Diamond D.C., Bronx Chiropractic Care P.C., Dominick Lavelle, and the Law Offices of Dominick W. Lavelle PC.